COLEGIO TECNICO METROPOLITANO INC.
Apelante-Recurrente

v.

NEGOCIADO DE SEGURIDAD DE EMPLEO DE P.R.
Apelado-Recurrido

FRANKLYN MONEGRO MORLA
Reclamante-Recurrido

Núm. KLRA-99-00611

San Juan, Puerto Rico, a 20 de junio de 2000

Panel integrado por su Presidenta, la Juez Alfonso de Cumpiano,
el Juez Aponte Jiménez y la Juez Feliciano Acevedo

Alfonso de Cumpiano, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

El Colegio Técnico Metropolitano, Inc. (Colegio Técnico) presentó recurso en solicitud de revisión de la resolución emitida por la Oficina de la Secretaria del Departamento del Trabajo y Recursos Humanos (el Departamento) en la apelación administrativa que instó dicho Colegio. Mediante la resolución recurrida, se confirmó la decisión del Negociado de Seguridad de Empleo (el Negociado) que determinó que el Sr. Franklyn Monegro Morla era elegible para los beneficios de desempleo.

El Colegio Técnico plantea en el recurso que erró el Departamento al aquilatar la prueba presentada durante la vista administrativa y resolver que la conducta incurrida por el señor Monegro no constituye conducta incorrecta de acuerdo a la Ley de Seguridad de Empleo.

Solicitamos, mediante resolución, la posición del Negociado respecto al recurso. Este, por conducto de la Lcda. Aissa Tirado Avilés, objetó nuestra orden de presentar su posición bajo diversos planteamientos; entre éstos, falta de jurisdicción de este Tribunal, que no fue parte, sino testigo en el procedimiento administrativo y que el Colegio Técnico tampoco fue parte, conforme jurisprudencia que citó del Tribunal Supremo y casos resueltos por este Tribunal. Denegamos los planteamientos del Negociado, determinamos que éste era parte y emitimos resolución fundamentada, el 28 de febrero, notificada el 7 de marzo de 2000, resolviendo que el Colegio Técnico goza de carácter de parte para los efectos del proceso administrativo llevado a cabo en este caso y, por ende, de esta revisión judicial. Ordenamos nuevamente, la comparecencia del Negociado. Dicho organismo nos informó, en moción de 16 de marzo de 2000, que no estaba de acuerdo con nuestra resolución notificada el 7 de marzo, que presentaría solicitud de *certiorari* ante el Tribunal Supremo y que prorrogáramos el término para comparecer con el propósito de continuar con los trámites ante el Tribunal Supremo. Denegamos su solicitud y ordenamos al Negociado que diera cumplimiento inmediato a nuestra orden de comparecencia, en resolución notificada el 30 de marzo.

El 24 de abril de 2000, el Negociado compareció. Aun cuando había transcurrido el término para solicitar reconsideración ante este foro y para acudir en recurso de *certiorari* ante el Tribunal Supremo, lo que no consta que hizo, respecto a nuestra resolución de 7 de marzo, dedica el Negociado ocho páginas de su comparecencia a refutar dicha resolución. Plantea nuevamente que el Colegio Técnico no es parte, asunto previamente adjudicado por este Tribunal. Finalmente, plantea que el proceso ante el árbitro que inicialmente concedió beneficios al señor Monegro es nulo, porque no se le dio participación a la licenciada Tirado en el proceso y solicita se devuelva a dicho árbitro para que ella pueda presentar su prueba.

El escrito del Negociado no responde a los señalamientos de errores del recurso. Su falta de participación ante el árbitro era asunto a plantear en el proceso apelativo ante el Departamento al que fue citada la licenciada Tirado y no compareció por razones de salud. Para los efectos de los planteamientos ante nuestra consideración, sobre los cuales existe un expediente que revisó el Departamento como consta más adelante, el Negociado no presentó su posición. El señor Monegro no compareció a presentar su posición.

Resolvemos, pues, a base de los planteamientos del recurrente, del expediente y de las normas que regulan nuestra función revisora.

Al revisar la decisión de una agencia administrativa, el alcance de nuestra función revisora está delimitado por ley. Las determinaciones de hechos de una agencia administrativa deberán ser confirmadas si están sostenidas por evidencia sustancial que obra en el expediente administrativo. Las conclusiones de derecho serán revisables en toda su extensión. Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme (L.P.A.U.), 3 L.P.R.A. sec. 2175. El récord o expediente administrativo constituye la base exclusiva para la acción de la agencia en un procedimiento adjudicativo y para la revisión judicial ulterior. Sección 3.18 de la L.P.A.U., 3 L.P. R.A. sec. 2168. Para que un tribunal pueda decidir que la evidencia en el expediente administrativo no es sustancial, es necesario que la parte recurrente demuestre que existe otra prueba en el récord que razonablemente reduzca o menoscabe el peso de tal evidencia, de manera que quede demostrado que la decisión del organismo administrativo no está justificada por una evaluación justa de la prueba que tuvo ante su consideración. *Hilton Hotels v. Junta de Salario Mínimo*, 74 D.P.R. 670, 686 (1953).

Bajo esas normas, examinemos si el recurrente ha demostrado que la prueba en el récord menoscabó o derrotó las determinaciones de hechos de la resolución cuestionada.

Al emitir la resolución recurrida, el Departamento señaló el trámite procesal que medió en este caso y expuso las determinaciones de hechos y las conclusiones de derecho en que basó su decisión de confirmar los beneficios de seguridad de empleo concedidos al señor Monegro.

En cuanto al trámite procesal, surge de dicha resolución que el señor Monegro solicitó beneficios de

compensación por desempleo, los que le fueron denegados. Este solicitó audiencia ante un árbitro del Negociado, quien, previa evaluación de prueba testifical y documental de ambas partes, revocó la decisión denegatoria y determinó que el reclamante era acreedor de esos beneficios. El Colegio Técnico, para el cual trabajaba el señor Monegro al ser despedido de su empleo, acudió en apelación ante el Departamento del Trabajo y Recursos Humanos cuestionando la determinación del árbitro.

A la vista en apelación ante una juez administrativa, compareció la Presidenta del Colegio Técnico. Ni el Negociado, ni el señor Monegro comparecieron. La juez administrativa emitió las determinaciones de hechos, luego de expresar sus bases consistentes en: *"examinar detenidamente las alegaciones y todo el contenido del expediente del caso de la parte reclamante que nos fuera sometido, incluyendo los testimonios vertidos en la audiencia celebrada ante el Árbitro y ante la juez administrativa ..."*. Apéndice del recurso, pág. 2.

Conforme las determinaciones de hechos, el señor Monegro trabajó para el Colegio Técnico por espacio de dos años, como empleado de mantenimiento. Fue despedido bajo la imputación de haber falsificado una certificación de empleo. El patrono alegó que la compañía financiera Puerto Rico Finance llamó para verificar la información de empleo que el reclamante proveyó en un documento suscrito por la Directora (del Colegio) titulado *"certificación"*, debido a que había solicitado aprobación para un préstamo de un auto. El patrono le indicó que no había expedido ese documento al reclamante y lo notificó al empleado. Este le indicó que no había redactado el documento. El patrono determinó que el reclamante le había mentido y que había falsificado el documento con la firma de la Directora e incluyó información falsa. Apéndice del recurso, págs. 2 y 3.

El Departamento concluyó a base de la prueba, y la credibilidad otorgada al testimonio, que el patrono no demostró la conducta incorrecta del señor Monegro en su trabajo, de acuerdo con la Ley de Seguridad de Empleo. Aludió, específicamente, a la sección 4(b)(3) de dicha ley, 29 L.P.R.A. sec. 704(b)(3), que incluye como causal de descalificación de los beneficios de desempleo el que un trabajador haya sido suspendido por conducta incorrecta en relación a su trabajo.

En la resolución, el Departamento expresó los propósitos de la referida ley y las guías para su interpretación. Determinó que el patrono declaró sobre unos hechos relatados por terceras personas, que el reclamante negó las imputaciones, presentó defensas que no fueron corroboradas y que sus manifestaciones en la vista constituyen prueba de referencia. Finalmente, expresó que el patrono señaló que llevó a cabo una investigación corroborando el incidente imputado, pero que esa evidencia nunca desfiló en la vista.

En síntesis, el Departamento encontró que el patrono no logró establecer, mediante prueba, que el árbitro erró al reconocer el derecho del reclamante a los beneficios por desempleo.

Los errores imputados al Departamento en el recurso, se refieren a la aquilatación de la prueba. Como documentos en apoyo de sus planteamientos, en lo relacionado al asunto bajo consideración, el Colegio Técnico incluyó en el apéndice del recurso: la resolución recurrida, el escrito de apelación que presentó ante el Departamento, copias de una certificación de empleo del señor Monegro en la que aparece la firma de la Directora (documento cuestionado), de la tarjeta del seguro social del señor Monegro, de un documento de 20 de noviembre de 1998 sobre un auto adquirido por el señor Monegro de Prisamir Motors, y de las normas de disciplina del Colegio.

El Colegio Técnico alega que las determinaciones de hechos de la resolución recurrida están permeadas de errores crasos en la apreciación de la prueba, toda vez que el señor Monegro no compareció a la vista y se hizo alusión en las determinaciones a que éste negó las imputaciones, levantó defensas y no pudo impugnar los documentos presentados por el patrono. Arguye, además, que el testimonio del patrono no constituye prueba de referencia porque tiene conocimiento de todo lo sucedido. Plantea que las actuaciones del señor Monegro justificaban el despido y que, por tal razón, se le deben negar los beneficios reclamados.

El recurrente no ha traído con el recurso, prueba que refute las determinaciones del Departamento. Como surge de la resolución, la juez administrativa tomó en cuenta para su decisión en apelación todo el contenido del expediente del caso ante el árbitro del Negociado, incluyendo los testimonios que se presentaron ante éste. Por tanto, aun cuando el señor Monegro no haya comparecido a la vista ante la juez administrativa, ésta podía basar su decisión en el expediente que revisaba en apelación. Por otro lado, no la convenció el testimonio del Colegio, ni los documentos que presentó, y encontró de insuficiente valor probatorio la evidencia ante su consideración para determinar que el señor Monegro incurrió en conducta incorrecta en su trabajo.

El Colegio no incluyó con el recurso la resolución del árbitro de la que solicitó apelación ante el Departamento, ni la investigación sobre las imputaciones que alega llevó a cabo. Tampoco sometió el expediente de la apelación del señor Monegro ante el árbitro en el que se basó el Departamento, incluyendo los testimonios que sirvieron de base a la resolución recurrida, en contravención de lo dispuesto en la Regla 59 (E) (1) (e) y (f) del Reglamento de este Tribunal. Apuntó error en la apreciación de la prueba, pero no planteó la necesidad de reproducir la prueba oral de su testimonio ante la juez administrativa, como lo dispone la Regla 67 del Reglamento de este Tribunal. Cuando no se solicita la transcripción, ni la exposición narrativa de la prueba oral, el Reglamento dispone que el caso será considerado y resuelto, conforme el contenido de los autos en revisión. Regla 67(D).

En definitiva, los documentos omitidos en el apéndice del recurso son esenciales para determinar si el Departamento incurrió en error en la apreciación de la prueba. Por otra parte, los documentos incluidos en el apéndice no derrotan las determinaciones de hechos, ni las conclusiones de derecho de la resolución recurrida. El Colegio no demostró que existía otra prueba en el récord que derrotara las determinaciones y la decisión del Departamento. Circunscribió su argumentación a alegaciones que no refutan la prueba aquilatada por la juez administrativa. No colocó a este Tribunal en condiciones de ejercer su función revisora respecto a sus planteamientos.

En virtud de todo lo anterior, se deniega la expedición del recurso.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General